NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **REALTEK SEMICONDUCTOR
CORPORATION,**
*Petitioner*

2023-147

On Petition for Writ of Mandamus to the United States
International Trade Commission in No. 337-TA-1350.

## ON PETITION AND MOTION

Before REYNA, TARANTO, and HUGHES, *Circuit Judges*.

REYNA, *Circuit Judge*.

## O R D E R

In the underlying investigation before the United States International Trade Commission ("ITC"), the administrative law judge ("ALJ") granted Advanced Micro Devices, Inc. ("AMD")'s motion to strike Realtek Semiconductor Corporation's witness from testifying at an upcoming evidentiary hearing.  Realtek now petitions this court for a writ of mandamus directing, among other things, that the ITC's ALJ vacate that ruling.  Realtek also moves to waive the confidentiality requirements of Federal Circuit Rule 25.1(d)(1)(A) with regard to its petition.

Realtek filed a complaint alleging that the importation of certain AMD chips infringes Realtek's patents and therefore violates section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. To make the required domestic industry showing, Realtek has relied on activities of licensees purportedly related to a 2015 license agreement to the asserted patents. But AMD has argued that those activities are not actually covered under the license agreement and do not establish a domestic industry related to the articles protected by the patents. The ALJ has denied AMD's motion for summary determination on that issue and intends to hold an evidentiary hearing to begin on October 16, 2023.

For that hearing, Realtek designated outside counsel Steven S. Baik as a witness to testify regarding the 2015 license agreement because he helped negotiate it on behalf of Realtek. In June 2023, AMD filed a motion, signed by one of the law firms representing it in the proceeding, to strike Mr. Baik from testifying. In August 2023, the ALJ granted AMD's motion, reasoning in part that Realtek would not be unduly prejudiced. After the ALJ denied reconsideration, Realtek filed this petition alleging that AMD's counsel who filed the motion to strike currently represents Mr. Baik in other litigation and should have been disqualified from filing that motion based on a conflict of interest arising out of that alleged representation.

Mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). To establish entitlement to such relief, a petitioner is generally required to show that: (1) it has "no other adequate means to attain the relief [it] desires," (2) the right to the writ is "clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Id.* at 380–81 (citations omitted). Realtek has not satisfied that demanding standard here.

Realtek has failed to show that it lacks other alternative means to obtain meaningful relief, either from the ITC or on appeal to this court after a final determination. *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) ("An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment . . . .").

Nor can we say that Realtek has demonstrated a clear and indisputable right to disqualification under the circumstances presented. Realtek notes that the comments to Rule 1.7(a) of the American Bar Association's Model Rules of Professional Conduct state a disqualifying adverse conflict "may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client," but that concern never actually materialized here. We have considered Realtek's remaining arguments concerning the motion to strike, which we similarly conclude do not demonstrate adequate justification for immediate mandamus relief.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to waive the confidentiality requirements is granted to the extent that the non-confidential and confidential versions of the petition for writ of mandamus, ECF Nos. 2 and 3, respectively, are accepted for filing.

(2) The petition for writ of mandamus is denied.

FOR THE COURT

September 25, 2023
Date

/s/ Jarrett B. Perlow
Jarrett B. Perlow
Clerk of Court